SUPREME COURT OF THE STATE OF NEW YORK              Date Filed:
COUNTY OF KINGS                                     Index No.:
==============================X
MONA MERISIER-KINSSEC,                              **SUMMONS**

                              Plaintiff,              Plaintiff designates
                                                    Kings County
        -against-                                  as place of trial

CVS PHARMACY INC., and CVS ALBANY, L.L.C.,          The basis of the venue is:
                                                    Situs of Occurrence
                             Defendants.
==============================X
To the above named defendants:

      YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, to, if the complaint is not served with the summons, to serve a notice of appearance, on the plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated:  New York, New York
           November 16, 2020

The nature of this action is for injuries sustained as a result of the defendants' negligence.
The relief sought is monetary damages.

                                              **ELEFTERAKIS, ELEFTERAKIS & PANEK**

                                              -----------------------------------------------
                                              BY: NICHOLAS ELEFTERAKIS, ESQ.
                                              Attorneys for Plaintiff
                                              Address and Telephone Number
                                              80 Pine Street, 38th Floor
                                              New York, N.Y. 10005
                                              (212) 532-1116

**Failure to respond, a judgment will be against you, by default and interest from April 2, 2020.**

**Defendants:**
CVS PHARMACY INC.
C/O CVS Corporation
One CVS Drive
Woonsocket, RI 02895

CVS ALBANY, L.L.C.
C/O CVS Corporation
One CVS Drive
Woonsocket, RI 02895

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
==============================X
MONA MERISIER-KINSSEC,

      Plaintiff,

 -against-

CVS PHARMACY INC., and CVS ALBANY, L.L.C.,

      Defendants.
==============================X

Date Filed:
Index No.:

**VERIFIED COMPLAINT**

 Plaintiff, by her attorneys, ELEFTERAKIS, ELEFTERAKIS & PANEK, as and for her Verified Complaint, respectfully alleges, upon information and belief:

1. The plaintiff, **MONA MERISIER-KINSSEC**, at all times herein mentioned was and still is a resident of the State of New York.

2. That at all the times hereinafter alleged, and upon information and belief, Defendant, **CVS PHARMACY INC.**, was and still is a domestic corporation organized and existing under and by virtue of the laws of the State of New York.

3. That at all the times hereinafter alleged, and upon information and belief, Defendant, **CVS PHARMACY INC.**, was and still is a foreign corporation authorized to do business under and by virtue of the laws of the State of New York.

4. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **CVS PHARMACY INC.**, maintained a principal place of business in the State of New York.

5. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **CVS PHARMACY INC.**, conducted and carried on business in the State of New York.

6. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **CVS PHARMACY INC.**, transacted business within the State of New York.

7. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **CVS PHARMACY INC.**, derived substantial revenue from goods used or consumed or services rendered in the State of New York.

8. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **CVS PHARMACY INC.**, expected or should have reasonably expected its acts to have consequences in the State of New York.

9. That at all the times hereinafter alleged, and upon information and belief, Defendant, **CVS ALBANY, L.L.C.**, was and still is a domestic corporation organized and existing under and by virtue of the laws of the State of New York.

10. That at all the times hereinafter alleged, and upon information and belief, Defendant, **CVS ALBANY, L.L.C.**, was and still is a foreign corporation authorized to do business under and by virtue of the laws of the State of New York.

11. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **CVS ALBANY, L.L.C.**, maintained a principal place of business in the State of New York.

12. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **CVS ALBANY, L.L.C.**, conducted and carried on business in the State of New York.

13. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **CVS ALBANY, L.L.C.**, transacted business within the State of New York.

14. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **CVS ALBANY, L.L.C.**, derived substantial revenue from goods used or consumed or services rendered in the State of New York.

15. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **CVS ALBANY, L.L.C.**, expected or should have reasonably expected its acts to have

consequences in the State of New York.

16. That at all the times hereinafter alleged, and upon information and belief, the defendant, **CVS PHARMACY INC.,** owned the premises located at 30 Flatbush Avenue, in the County of Kings, State of New York.

17. That at all the times hereinafter alleged, and upon information and belief, the defendant, **CVS PHARMACY INC.,** was a lessor of the premises located at 30 Flatbush Avenue, in the County of Kings, State of New York.

18. That at all the times hereinafter alleged, and upon information and belief, the defendant, **CVS PHARMACY INC.,** was a lessee of the premises located at 30 Flatbush Avenue, in the County of Kings, State of New York.

19. That at all the times hereinafter alleged, and upon information and belief, the defendant, **CVS PHARMACY INC.,** operated the premises located at 30 Flatbush Avenue, in the County of Kings, State of New York.

20. That at all the times hereinafter alleged, and upon information and belief, the defendant, **CVS PHARMACY INC.,** maintained the premises located at 30 Flatbush Avenue, in the County of Kings, State of New York.

21. That at all the times hereinafter alleged, and upon information and belief, the defendant, **CVS PHARMACY INC.**, controlled the premises located at 30 Flatbush Avenue, in the County of Kings, State of New York.

22. That at all the times hereinafter alleged, and upon information and belief, the defendant, **CVS PHARMACY INC.,** managed the premises located at 30 Flatbush Avenue, in the County of Kings, State of New York.

23. That at all the times hereinafter alleged, and upon information and belief, the defendant, **CVS**

**PHARMACY INC.,** supervised the premises located at 30 Flatbush Avenue, in the County of Kings, State of New York.

24. That at all the times hereinafter alleged, and upon information and belief, the defendant, **CVS PHARMACY INC.,** inspected the premises located at 30 Flatbush Avenue, in the County of Kings, State of New York.

25. That at all the times hereinafter alleged, and upon information and belief, the defendant, **CVS PHARMACY INC.,** designed the premises located at 30 Flatbush Avenue, in the County of Kings, State of New York.

26. That at all the times hereinafter alleged, and upon information and belief, the defendant, **CVS PHARMACY INC.** was responsible for the repair and maintenance of the premises located at 30 Flatbush Avenue, in the County of Kings, State of New York.

27. That at all times herein mention, the Defendant, **CVS PHARMACY INC.,** allowed the premises located at 30 Flatbush Avenue, in the County of Kings, State of New York, to become and remain in a defective and dangerous condition.

28. That at all times herein mention, Defendant, **CVS PHARMACY INC.,** allowed the defective and dangerous condition to exist at the aforesaid location for unreasonable length of time before the aforesaid occurrence and Defendant knew or should have known of condition and did not remedy same.

29. That at all the times hereinafter alleged, and upon information and belief, the defendant, **CVS ALBANY, L.L.C.,** owned the premises located at 30 Flatbush Avenue, in the County of Kings, State of New York.

30. That at all the times hereinafter alleged, and upon information and belief, the defendant, **CVS ALBANY, L.L.C.,** was a lessor of the premises located at 30 Flatbush Avenue, in the County

of Kings, State of New York.

31. That at all the times hereinafter alleged, and upon information and belief, the defendant, **CVS ALBANY, L.L.C.,** was a lessee of the premises located at 30 Flatbush Avenue, in the County of Kings, State of New York.

32. That at all the times hereinafter alleged, and upon information and belief, the defendant, **CVS ALBANY, L.L.C.,** operated the premises located at 30 Flatbush Avenue, in the County of Kings, State of New York.

33. That at all the times hereinafter alleged, and upon information and belief, the defendant, **CVS ALBANY, L.L.C.,** maintained the premises located at 30 Flatbush Avenue, in the County of Kings, State of New York.

34. That at all the times hereinafter alleged, and upon information and belief, the defendant, **CVS ALBANY, L.L.C.**, controlled the premises located at 30 Flatbush Avenue, in the County of Kings, State of New York.

35. That at all the times hereinafter alleged, and upon information and belief, the defendant, **CVS ALBANY, L.L.C.,** managed the premises located at 30 Flatbush Avenue, in the County of Kings, State of New York.

36. That at all the times hereinafter alleged, and upon information and belief, the defendant, **CVS ALBANY, L.L.C.,** supervised the premises located at 30 Flatbush Avenue, in the County of Kings, State of New York.

37. That at all the times hereinafter alleged, and upon information and belief, the defendant, **CVS ALBANY, L.L.C.,** inspected the premises located at 30 Flatbush Avenue, in the County of Kings, State of New York.

38. That at all the times hereinafter alleged, and upon information and belief, the defendant, **CVS**

**ALBANY, L.L.C.,** designed the premises located at 30 Flatbush Avenue, in the County of Kings, State of New York.

39. That at all the times hereinafter alleged, and upon information and belief, the defendant, **CVS ALBANY, L.L.C.** was responsible for the repair and maintenance of the premises located at 30 Flatbush Avenue, in the County of Kings, State of New York.

40. That at all times herein mention, the Defendant, **CVS ALBANY, L.L.C.**, allowed the premises located at 30 Flatbush Avenue, in the County of Kings, State of New York, to become and remain in a defective and dangerous condition.

41. That at all times herein mention, Defendant, **CVS ALBANY, L.L.C.**, allowed the defective and dangerous condition to exist at the aforesaid location for unreasonable length of time before the aforesaid occurrence and Defendant knew or should have known of condition and did not remedy same.

42. That on or about April 2, 2020, the plaintiff, **MONA MERISIER-KINSSEC,** was on the aforesaid premises.

43. That on or about April 2, 2020, while the plaintiff, **MONA MERISIER-KINSSEC**, was on the aforesaid premises, she was caused to trip and fall.

44. That the aforesaid accident was due solely and wholly as a result of the careless and negligent manner in which the defendants owned, operated, maintained, controlled, managed, leased, supervised, repaired, inspected, constructed, designed, the aforesaid premises without the plaintiff in any way contributing thereto.

45. That the defendants herein were negligent, reckless and careless in that they violated their duties to persons on the aforesaid premises, and to this plaintiff in particular, in knowingly permitting, suffering and allowing the premises to remain in a destructive and dangerous

condition, without the plaintiff in any way contributing thereto.

46. That the defendants herein were negligent, reckless and careless in that they violated their duties to persons on the premises, and to this plaintiff in particular, in knowingly permitting, suffering and allowing the aforesaid premises, to be, become and remain in a defective, unsafe and dangerous condition, and was further negligent in failing to take suitable precautions for the safety of persons lawfully on the premises.

47. That the defendants herein were negligent, reckless and careless in that they violated their duties to persons on the premises and to this plaintiff in particular, in failing to block off, barricade, fence off and/or provide a warning of the condition at the aforesaid location.

48. That by reason of the foregoing and the negligence of the defendant, the plaintiff, **MONA MERISIER-KINSSEC**, was severely injured, bruised and wounded, suffered, still suffers and will continue to suffer for some time physical pain and bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time.

49. That by reason of the foregoing, the plaintiff, **MONA MERISIER-KINSSEC,** was compelled to and did necessarily require medical aid and attention, and did necessarily pay and become liable therefore for medicines and upon information and belief, the plaintiff, **MONA MERISIER-KINSSEC,** will necessarily incur similar expenses.

50. That by reason of the foregoing, the plaintiff, **MONA MERISIER-KINSSEC**, has been unable to attend to her usual occupation in the manner required.

51. That one or more of the exceptions of §1602 of the Civil Practice Law and Rules do apply to the within action.

52. That as a result of the foregoing, the plaintiff, **MONA MERISIER-KINSSEC**, sustained damages in an amount which exceeds the monetary jurisdictional limits of any and all lower

Courts which would otherwise have jurisdiction herein, in an amount to be determined upon trial of this action.

**WHEREFORE**, Plaintiff demands judgment in favor of the Plaintiff, **MONA MERISIER-KINSSEC**, awarding damages against the defendants for an amount which exceeds the jurisdictional limits of all other Courts which would otherwise have jurisdiction herein, in an amount to be determined upon trial of this action, together with costs and disbursements of this action, and with interest from the date of the accident. Plaintiff demands a jury trial.

Dated: New York, New York
November 16, 2020

>Yours, etc.
>ELEFTERAKIS, ELEFTERAKIS & PANEK
>
>By: _____
>Nicholas Elefterakis, Esq.
>Attorneys for Plaintiff
>80 Pine Street, 38th Floor
>New York, New York 10005
>(212)532-1116

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK )
                  )
COUNTY OF NEW YORK ) SS:

The undersigned, an attorney admitted to practice in the Courts of the State of New York, and an associate of the law firm of Elefterakis, Elefterakis, & Panek attorneys of record for the claimant herein, affirms:

That he has read the attached SUMMONS AND COMPLAINT and the same is true to his own knowledge, except as to the matters alleged on information and belief, and as to those matters, he believes them to be true to the best of his knowledge.

That affirmant's sources of information are investigation and files maintained in your affirmant's law office.

That this verification is made by your affirmant due to the fact that claimant does not presently reside within the county in which your affirmant maintains his law office, or is presently outside the county in which your affirmant maintains his law office.

The undersigned affirms that the foregoing statements are true, under penalties of perjury.

Dated:  New York, New York
        November 16, 2020

                                              _____
                                              Nicholas Elefterakis, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
_____

MONA MERISIER-KINSSEC,

                              Plaintiff,

      -against-

CVS PHARMACY INC., and CVS ALBANY, L.L.C.,

                              Defendants.
_____

ELEFTERAKIS, ELEFTERAKIS & PANEK
80 Pine Street, 38th Floor
New York, New York 10005
212.532.1116
_____

**Summons and Verified Complaint**
_____

STATE OF NEW YORK, COUNTY OF NEW YORK, SS:
Nicholas Elefterakis, the undersigned, an attorney admitted to practice in the Courts of New York State, affirms the following:
I further certify that my signature below acts as a "certification" for the documents attached hereto, in compliance with section 130-1.1-a of the Rules of the Chief Administrator (22 NYCRR).

Dated: New York, New York
       November 16, 2020

                                                    _____
                                           Nicholas Elefterakis, Esq.
_____

PLEASE TAKE NOTICE
( )     that the within is a (certified) true copy of a Notice of     entered in the Office of the clerk of the within Entry named Court on

     ( )    that an Order of which the within is a true copy will be presented for Notice of settlement to the Hon.    one of the Judges of the Settlement within named Court, on , at
_____

ELEFTERAKIS, ELEFTERAKIS & PANEK
80 Pine Street, 38th Floor
New York, New York 10005
212.532.1116